**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**FEDERAL TRADE COMMISSION,**

                   **Plaintiff,**

               -against-

**CONSUMER HEALTH BENEFITS
ASSOCIATION, et al.,**

                   **Defendants.**
-----------------------------------------------------------x

**MEMORANDUM AND ORDER/
REPORT AND RECOMMENDATION**

**10-CV-3551 (ILG)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Federal Trade Commission ("FTC" or "plaintiff") brought this lawsuit under the Federal Trade Commission Act, 15 U.S.C. §§ 53(b) and 57(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 *et seq.*, alleging fraudulent conduct in the marketing and management of medical discount plans run by defendants Consumer Health Benefits Association ("CHBA"), Louis Leo, Rita and Ronald Werner (the "Werner defendants"), and related entities. Complaint ("Compl.") (Aug. 3, 2010), E.C.F. Docket Entry ("D.E.") #1. Plaintiff seeks: a permanent injunction to stop the alleged fraudulent conduct; rescission or reformation of contracts to protect harmed consumers; restitution to harmed consumers; and costs. Compl. at 17-18. On April 18, 2011, CHBA, the Werner defendants, and defendants National Benefit Consultants, LLC and National Benefit Solutions, LLC (collectively, the "bankrupt defendants") filed Suggestions of Bankruptcy, signed by their bankruptcy attorney, Lawrence Schantz,[1] asserting that proceedings against the bankrupt defendants, who had filed Chapter 7 bankruptcy proceedings on April 3, 2011, were

---

[1] Mr. Schantz has not entered an appearance in this action.

subject to an automatic stay pursuant to 11 U.S.C. § 362. Suggestions of Bankruptcy (Apr. 18, 2011), D.E. #152-155.[2] The FTC responded, contending that this action is exempt from the automatic stay provision under the statutory exception for "an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power . . . ." 11 U.S.C. § 362(b)(4). Plaintiff's Response to Suggestion of Bankruptcy ("Pl. Resp.") (Apr. 25, 2011), D.E. #156.

On May 6, 2011, this Court directed the bankrupt defendants "to show cause why the action is not exempted from the automatic stay provisions of the Bankruptcy Code and why sanctions should not be imposed" for the attempt, by Mr. Schantz, "to stay [the instant] action without a reasonable basis therefor." Order to Show Cause (May 6, 2011), D.E. #168. The Werner defendants responded, and included a May 5th letter that Mr. Schantz had sent to the FTC to argue that this action was subject to a stay. Defendants Ronald and Rita Werner's Affirmation in Response to the Order to Show Cause ("Def. Resp.") (May 11, 2011) and Schantz Letter, D.E. #169; see also Plaintiff's Reply to Defendants' Response to Order to Show Cause ("Pl. Reply") (May 19, 2011), D.E. #186.

For the following reasons, the Court concludes that the proceedings against the

---

[2] One of the Suggestions of Bankruptcy was filed on behalf of "Consumer Health Benefits Consultants, LLC," the name of which does not correspond to any party to this action. Suggestion of Bankruptcy (Apr. 18, 2011), D.E. #155. That Suggestion of Bankruptcy may refer to defendant Consumer Health Benefits Association: Mr. Schantz suggests, in a letter to the FTC, that the proceeding is stayed as to CHBA along with the other bankrupt defendants. Letter from Lawrence M. Schantz ("Schantz Letter") (May 5, 2011) at 2, Ex. A to D.E. #169. In any event, the naming discrepancy is irrelevant, as the Court holds that the instant proceeding is not stayed as to any defendant.

bankrupt defendants are not subject to an automatic stay,[3] but that the attempt to stay the case does not merit the imposition of Rule 11 sanctions.[4]

## DISCUSSION

### I. POLICE POWERS EXCEPTION TO THE AUTOMATIC STAY

Under 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition automatically stays the commencement or continuation of judicial proceedings against the debtor. See Eastern Refractories Co. v. Forty Eight Insulations, Inc., 157 F.3d 169, 172 (2d Cir. 1998). The

---

[3] The bankrupt defendants concede that the court in which the litigation claimed to be stayed is pending has jurisdiction to determine whether the automatic stay applies. See Def. Resp. at 2; see also Pl. Resp. at 3; Pl. Reply at 2 n.1; In re Baldwin-United Corp. Litg., 765 F.2d 343, 347 (2d Cir. 1985).

The instant Memorandum and Order does not address the question of what effect the bankruptcy cases will have on assets, belonging to the bankrupt defendants, which were frozen pursuant to the District Court's preliminary injunction. See Stipulated Order of Preliminary Injunction (Sept. 22, 2010), D.E. #33. The FTC, the trustee for the bankrupt defendants' bankruptcy estates, and the escrow agent managing the frozen assets have asked the District Court for additional time to reach a consensual resolution concerning the disposition of the frozen assets. See Letter from Kenneth A. Welt (June 7, 2011) at 2, D.E. #193 (noting that "the parties have are not requesting any stay with respect to the Court's Order to Show Cause why this action is not excepted from the automatic stay pursuant to the police power exception").

[4] This Circuit's case law leaves some question as to whether a United States Magistrate Judge has the authority to *impose* sanctions under Rule 11. See Kiobel v. Millson, 592 F.3d 78, 79-80 (2d Cir. 2010) (noting that the three-judge panel was divided on the question and overturning the sanction on other grounds); compare id. at 84 (Cabranes, J., concurring) (opining that "a Rule 11 motion for sanctions . . . is the functional equivalent of an independent claim," and is thus a "dispositive" matter outside the scope of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A)), with id. at 98 (Leval, J., concurring) (opining that, "since Congress passed the 2000 amendments [to 28 U.S.C. § 636], all indications very strongly support the conclusion that, with the exception of a sanction in a form that disposes of a claim or defense, § 636 empowers magistrate judges to impose sanctions," including Rule 11 sanctions). Out of an abundance of caution, this Court has fashioned its conclusions with respect to the propriety of Rule 11 sanctions as a Report and Recommendation.

automatic stay is a fundamental component of a bankruptcy petition, as it "provides the debtor with a breathing spell from his creditors" and "allows the bankruptcy court to centralize all disputes concerning property of the debtor's estate in the bankruptcy court so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." In re Ionosphere Clubs, Inc., 922 F.2d 984, 989 (2d Cir. 1990) (internal citations and quotation marks omitted).

Section 362(b)(4) of the Bankruptcy Code provides an exception to the automatic stay for any "action . . . by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power." 11 U.S.C. § 362(b)(4). As the Second Circuit explained, "the purpose of this exception is to prevent a debtor from frustrating necessary governmental functions by seeking refuge in bankruptcy court." SEC v. Brennan, 230 F.3d 65, 71 (2d Cir. 2000) (internal quotation and citations omitted). "Thus, 'where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay.'" Id. at 71 (quoting H.R.Rep. No. 95-595, at 343 (1977), U.S. Code Cong. & Admin. News at 6299, and S.Rep. No. 95-989, at 52 (1978), U.S. Code Cong. & Admin. News at 5838).

Other circuits have developed a number of tests to evaluate whether a particular action falls within the scope of the section 362(b)(4) exception. For example, under the

> "pecuniary purpose" test adopted in other circuits, see, e.g., Lockyer v. Mirant Corp., 398 F.3d 1098, 1108 (9th Cir.2005); Chao v. Hosp. Staffing Servs., Inc., 270 F.3d 374, 385 (6th Cir. 2001), . . . it is necessary to determine whether the governmental action relates primarily to the government's pecuniary interest in the debtor's property, in which case the automatic stay applies, or to matters of safety and welfare, in which case the suit may proceed. Cases that employ the pecuniary purpose test also use the "public purpose" test, under which the reviewing court determines whether the government seeks to "effectuate public policy" or "adjudicate private rights." Mirant, 398 F.3d at 1109 (internal quotation marks omitted).

In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig. ("MTBE Litig."), 488 F.3d 112, 133 (2d Cir. 2007). "Under the 'pecuniary advantage' test," in contrast, "the relevant inquiry is not whether the governmental unit seeks property of the debtor's estate, but rather whether the specific acts that the government wishes to carry out would create a pecuniary advantage for the government vis-à-vis other creditors." United States *ex rel*. Fullington v. Parkway Hosp., Inc., 351 B.R. 280, 283 (E.D.N.Y. 2006). The Second Circuit has yet to pass on the validity of any particular test. See MTBE Litig., 488 F.3d at 133. This Court need not do so here: as the Second Circuit made clear in Brennan, a government lawsuit "to prevent or stop violation of fraud . . . [or] consumer protection . . . laws, or . . . to fix damages for violation of such a law," is not subject to the automatic stay. Brennan, 230 F.3d at 71.

The Werner defendants seek to circumvent this principle by arguing that "since all of our businesses are closed and our assets are either frozen or seized, the FTC's case at this point is mainly an effort by the FTC to fix the amount of damages . . . ." Def. Resp. at 2. The legislative history of the police powers exception suggests that such an effort by the FTC –

i.e., to fix the amount of damages for past violations of consumer fraud laws – falls squarely within the parameters of the exception to the automatic stay.[5]  See id. at 71.  Thus, the Second Circuit has allowed damage actions "for completed violations of environmental laws" to proceed under the police powers exception.  City of New York v. Exxon Corp., 932 F.2d 1020, 1024 (2d Cir. 1991).  In doing so, the Court of Appeals noted:

> Actions to collect damages after violations have occurred also are consistent with the section's legislative objective of "enforc[ing] . . . police or regulatory powers."  They provide an effective deterrent to violators, who will be forced to pay for the government's costs in responding to their violations. The need to continue such deterrent actions, despite the pendency of a bankruptcy action, furthers the purpose of the regulatory exemption to the automatic stay squarely: to avoid frustrating "necessary governmental functions by seeking refuge in bankruptcy court."  United States v. Seitles, 106 B.R. 36, 38-40 (S.D.N.Y.1989), *vacated on other grounds*, 742 F.Supp. 1275 (S.D.N.Y.1990).

Id. at 1024 (alterations in original).  Other circuits have reached similar results.  See In re Commerce Oil Co., 847 F.2d 291, 297 (6th Cir. 1998) (holding that "proceedings to fix civil liability" for water quality violations were "within the § 362(b)(4) exception to the automatic stay in bankruptcy"); United States v. Nicolet, Inc., 857 F.2d 202, 208-10 (3d Cir. 1988) (holding that the government's suit to recover the costs of cleaning up a hazardous waste site was not subject to an automatic stay).  "[R]estitution actions are frequently brought by [government units] pursuant to the police and regulatory power exception of § 362(b)(4)."  In re Fucilo, No. 00-36261(CGM), 2002 WL 1008935, at *15 (Bankr. S.D.N.Y. Jan. 24, 2002)

---

[5] As the FTC concedes, should the instant case proceed to the entry of a money judgment, any attempt to enforce the judgment would be subject to the automatic stay.  11 U.S.C. § 362(b)(4); Brennan, 230 F.3d at 71; Pl. Resp. at 5 n.4.

(citing cases).

To be sure, some courts have stayed cases where it was apparent that the defendants could not resume the challenged conduct. The United States Bankruptcy Court for the Southern District of New York did so in In re Enron Corp., 314 B.R. 524 (Bankr. S.D.N.Y. 2004), which stayed a lawsuit by the state of California. The court in Enron found, however, that the injunctive relief sought by the state was duplicative and meaningless: Enron was involved in parallel federal litigation and criminal prosecutions over the same conduct, the company was in the liquidation process, and it had recently sold its trading operations, leading the court to conclude that it was "practically impossible" for Enron to resume the challenged activity. Id. at 537. In contrast, absent injunctive relief, the individual defendants could resume the sale of medical discount plans, just as their business apparently changed names and addresses and regrouped after the commencement of law enforcement actions in four states. Pl. Reply at 5.

Furthermore, the Court does not credit the Werner defendants' contention that "the FTC's case at this point is *mainly* an effort to fix the amount of damages." Def. Resp. at 2 (emphasis added). The FTC seeks to rescind or reform consumers' contractual obligations to defendants. Compl. at 17. The FTC likewise seeks a permanent injunction to prevent defendants from violating the FTC Act or related regulations. Id. The FTC need not take it on faith that the Werner defendants' challenged conduct will cease with the closure of their businesses. Because the FTC's claims against the bankrupt defendants seek to "enforce [the FTC's] police and regulatory power," the action is exempt from the automatic stay pursuant to

11 U.S.C. § 362(b)(4).[6]

## II. RULE 11 SANCTIONS

The Court directed the bankrupt defendants "to show cause . . . why sanctions should not be imposed" for their attempt "to stay this action without a reasonable basis therefor." Order to Show Cause (May 6, 2011), D.E. #168. Rule 11 provides that any attorney or *pro se* party "presenting to the court a pleading, written motion, or other paper" thereby "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the "legal contentions" in the submission "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b). "[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness, and is not based on the subjective beliefs of the person making the statement." Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 387 (2d Cir. 2003) (internal citation and quotations omitted). Rule 11 sanctions may be imposed for assertions "patently contrary to existing law" and "so lacking in merit as to amount to a frivolous argument for the extension of existing law." Id. at 391.

As discussed above, the Werner defendants' central argument for a stay--that "the FTC's case at this point is mainly an effort to fix the amount of damages"--lacks a sound legal basis in this Circuit, which has held, in light of the legislative history of the section 362(b)(4) exception, that the exception applies to any action to "fix damages for violation of" fraud,

---

[6] Even when the automatic stay provisions do apply, the litigation is stayed as against the debtor only, and not as to non-bankrupt co-defendants. See Pl. Resp. at 7; Teachers Ins. Annuity Ass'n v. Butler, 803 F.2d 61, 65 (2d Cir. 1986) (collecting cases).

consumer protection and similar laws. Exxon Corp., 932 F.2d at 1024; accord Brennan, 230 F.3d at 71. Nevertheless, notwithstanding Exxon Corp. and Brennan, some case law suggests that a more searching inquiry into the government's motives for filing a lawsuit may be appropriate where the government seeks monetary damages for past conduct. In re Enron Corp., 314 B.R. at 536; United States v. Seitles, 106 B.R. 36, 39 (S.D.N.Y. 1989) (holding that "the presence or absence of continuing harm . . . is relevant in determining the applicability of § 362(b)(4)"), vacated on other grounds, 742 F.Supp. 1275 (S.D.N.Y. 1990). To the extent that these cases can be interpreted to conflict with Exxon Corp., Brennan, and the legislative history reflected in those cases, they are not good law in this Circuit. However, given the caution required in the imposition of Rule 11 sanctions, Knipe v. Skinner, 19 F.3d 72, 78 (2d Cir. 1994), this Court cannot find the attempt to stay the action to be frivolous. Accordingly, the Court recommends that sanctions not be imposed.

## **CONCLUSION**

This Court concludes that, pursuant to 11 U.S.C. § 362(b)(4), the bankruptcy petitions filed by National Benefit Consultants, LLC, National Benefit Solutions, LLC, Consumer Health Benefits Consultants, LLC and Ronald and Rita Werner do not operate to stay the instant case as to any defendant. The Court recommends that the District Court decline to impose Rule 11 sanctions.

Any objections to the rulings and/or recommendations contained in this Memorandum and Order must be filed with the Honorable I. Leo Glasser on or before June 27, 2011. Failure to file objections in a timely manner may waive a right to appeal the District Court order.

The Clerk is directed to enter this Memorandum and Order into the E.C.F. system and to transmit copies to the *pro se* defendants via Federal Express.

**SO ORDERED.**

Dated: Brooklyn, New York
June 8, 2011

**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**