UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
FEDERAL TRADE COMMISSION,

        Plaintiff,                                 ORDER

    - against -                         10 Civ. 3551 (ILG) (RLM)

CONSUMER HEALTH BENEFITS
ASSOCIATION, et al.,

        Defendants.
---------------------------------------------------------x
GLASSER, Senior United States District Judge:

        Currently before the Court is the application of Angela Tese-Milner (the "Receiver") in which she requests that she be discharged. Letter to the Court dated Nov. 21, 2011 (Dkt. No. 264). The application is hereby GRANTED.

        A receiver acts "as an officer of the court and has the duty to preserve and protect the property [in its possession] pending the outcome of the litigation. As a result, [the receiver's] authority is wholly determined by the order of the appointing court." Citibank, N.A. v. Nyland (CF 8) Ltd., 839 F.2d 93, 98 (2d Cir. 1988). The Court on August 3, 2010 entered a temporary restraining order that, among other things, provided for the appointment of the Receiver and outlined the scope of her authority. Shortly thereafter, the Court reappointed the Receiver under stipulated orders of preliminary injunction as to the defendants in this action at the time (the "Orders"). These Orders thus establish the Receiver's authority in this case.

        They contain identical provisions concerning the scope of the Receiver's authority as the TRO and authorize the Receiver, among other things, to (1) assume full control of the receivership defendants by removing, as the Receiver deems necessary or advisable,

any employee of the receivership defendants;[1] (2) take exclusive custody, control and possession of all funds, property, books and records, accounts, mail, and other assets and documents of, or in the possession, custody, or under the control of the receivership defendants; (3) take all steps necessary to secure the business premises of the receivership defendants; and (4) continue and conduct the business of the receivership defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all. See, e.g., Order of Preliminary Injunction as to the Receivership Defendants filed October 5, 2010 § XVI (Dkt. No. 52).

"The discharge of a receiver is ordinarily a matter within the discretion of the district court, and whether that discretion should be exercised in favor of discharge or retention is informed by the regular filing of progress reports." United States v. Amodeo, 44 F.3d 141, 146 (2d Cir. 1995) (citing Jones v. Village of Proctorville, 290 F.2d 49, 50 (6th Cir. 1961) (per curiam)).

The Receiver has filed two such progress reports. See Temporary Report dated September 9, 2010 (Dkt. No. 21); Final Report dated Feb. 28, 2011 (Dkt. No. 130). These reports document in detail the Receiver's compliance with the Orders and her efforts to preserve the assets of the receivership defendants after she made the good faith determination that the receivership defendants could not be operated in a legal or

---

[1] The receivership defendants are (1) Consumer Health Benefits Association, (2) National Association for Americans; (3) National Benefit Consultants, LLC; and (4) National Benefit Solutions, LLC.

profitable manner. Having carefully considered the reports, the Court concludes that the Receiver has acted appropriately in all respects pursuant to the Orders.

As he did regarding the Receiver's fee applications, Defendant Louis Leo ("Leo") objects to the Receiver's reports and urges the Court to deny the Receiver's application to be discharged. See Response in Opposition to the Preliminary Report filed Oct. 15, 2010 (Dkt. No. 65); Response in Opposition to the Final Report dated Mar. 1, 2011 ("Opp'n") (Dkt. No. 133). He has, however, provided the Court with no legal authority, let alone factual basis for his opposition.

As an initial matter, his objections pertain largely to the validity of the allegations in the complaint; Leo appears to acknowledge this in his submissions:

> [The Receiver] improperly concluded that the Defendant's plan was what the FTC alleges: one big fraudulent scheme, with "few if any benefits." The evidence presented at trial will show that such a broad mischaracterization of the Defendants' program not only defies reality, but can only be the result of intentional misrepresentation or gross negligence.

Opp'n at 3; see also Opp'n at 32 ("[S]he has negligently pegged the Defendants . . . as one big fraudulent scheme consistent with the FTC's allegations."). Leo will have the ability to test the validity of the complaint's allegations at a later time.

Secondarily, his objections pertain to actions taken by the Receiver specifically authorized by the Orders, such as her decision to terminate the receivership defendants' employees and to halt their business operations after making a good faith determination that the businesses could not be operated profitably. The Receiver made such determinations as an officer of the court, and the Court has no basis on which to find those determinations wanting.

For all of these reasons, the Receiver's application is hereby GRANTED and the Receiver is hereby discharged. The Court will retain jurisdiction over the Receiver concerning any future actions relating to her appointment or authority pursuant to the Orders. See, e.g., Federal Sav. & Loan Ins. Corp. v. PSL Realty Co., 630 F.2d 515, 521 (7th Cir. 1980) (citing Chicago Title & Trust Co. v. Fox Theatres Corp., 164 F. Supp. 655 (S.D.N.Y. 1958)).

SO ORDERED.

Dated: Brooklyn, New York
December 9, 2011

/s/
I. Leo Glasser
Senior United States District Judge